IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA                                               PLAINTIFF

V.                                                      CAUSE NO. 3:20-CR-12-CWR-FKB-1

ANTHONY WAYNE ATKINSON                                              DEFENDANT

**ORDER**

Before the Court is the matter of restitution owed by defendant Anthony Wayne Atkinson to the minor victim, "A.A." [1]

**I.     Factual and Procedural History**

The facts of this case are disturbing. Beginning in 2017, Atkinson subjected A.A., then-10 years old, to sexual abuse. This abuse took the form of forcing A.A. to watch sexually explicit content; coercing A.A. into performing sexual acts, which Atkinson then filmed on his phone; exchanging sexually explicit images with A.A. via internet and text messages; and threatening to kill A.A. if she told anyone about the abuse.

Officials at A.A.'s school notified the Mississippi Department of Child Protective Services ("CPS") of the abuse after A.A. confided to friends at school that Atkinson was "preparing her for marriage," and school officials discovered nude photos on A.A.'s phone. The school also alerted A.A.'s mother of the abuse. Subsequently, in April 2018, a social worker at the Child Advocacy Center prepared a Child Advocacy Report detailing A.A.'s disclosure of Atkinson's abuse.

Law enforcement officials arrested Atkinson. On October 18, 2019, a Mississippi state court sentenced Atkinson to a 20-year term of incarceration for his sexual battery of A.A. Following disposition of the state case, a federal grand jury indicted Atkinson for production of

---

[1] The Court will use the victim's initials to protect her privacy.

child pornography, possession of child pornography, and receiving or distributing child pornography, under 18 U.S.C. §§ 2251(a), 2252(a)(4)(B) and (a)(2), respectively. Docket No. 2.

On April 7, 2020, Atkinson entered into a plea agreement with the Government, pursuant to which he pled guilty to three counts under 18 U.S.C. § 2251(a). *See* Docket No. 22. In relevant part, the agreement clarified that "the Court may require Defendant to pay restitution in this matter in accordance with applicable law." *Id.* at 2.

At the initial sentencing hearing, it became apparent to the Court that A.A.'s needs might be better served through the appointment of a Guardian *Ad Litem* ("GAL"). The sentencing was continued. Subsequently, the Government moved to appoint a GAL to protect the best interests of the minor victim. Docket No. 34. Invoking 18 U.S.C. § 3509(h)(2), the Court granted this motion on December 8, 2020, appointing Angela Gray Marshall, an attorney in good standing with the Mississippi State Bar, to serve as A.A.'s GAL. Docket No. 35. In the Order, the Court clarified that Ms. Marshall would "coordinate the delivery of resources and special services to the victim." *Id.* at 2.

On June 9, 2021, the Government filed an emergency motion to restrain Atkinson's assets, in part to assure that Atkinson could satisfy "the mandatory restitution claims arising or anticipated to arise in the instant case." Docket No. 38. The Court entered a Text-Only Order the next day directing Atkinson to reply by June 14, 2021. He failed to respond. Finding the Government's motion well-taken, the Court granted the emergency motion to restrain Atkinson's assets on June 22, 2021. Docket No. 42.

The Court resumed the sentencing hearing on July 14, 2021. At this hearing, the Court adopted the Presentence Investigation Report, with the exception of paragraph 61, as the Total Adjusted Offense Level should reflect 42 instead of 40. The Defendant's Psychosexual Evaluation

was also made a part of the record. And the Court granted defense counsel's oral motion to allow the parties an opportunity to meet with the Mississippi Department of Corrections Commissioner for the purpose of requesting that Atkinson be allowed to serve his state sentence in federal custody. The Court declined to order restitution at that hearing, indicating that it would rule on that issue following the GAL's assessment.

Ms. Marshall submitted a report to the Court on January 31, 2022. In it, she detailed the findings of three confidential psychological evaluations of A.A. conducted in 2021 by Dr. W. Criss Lott, a clinical and forensic psychologist. The evaluations indicated that A.A. suffered from trauma symptoms, including anxiety and depression, as well as some early signs of substance use. They also indicated that A.A. experienced difficulty concentrating due to lingering effects of the abuse, resulting in A.A. having to repeat a grade. Accordingly, Dr. Lott opined that A.A. required therapy to process and treat her trauma, and that she will likely require additional therapy as an adult to address continued effects of this trauma.

In addition to the clinical and psychological evaluations of A.A., Ms. Marshall reviewed A.A.'s records from CPS; consulted with A.A.'s mother, stepfather, and younger brother; conducted telephonic interviews with A.A. and her mother; held a telephonic interview with A.A.'s school counselor; and reviewed the pleadings and other documents in this case. Based on her review, Ms. Marshall found that A.A. suffers educational, mental health, and substance use issues as a result of Atkinson's abuse. She therefore recommended that the Court order Atkinson to pay A.A. $104,408.00 in restitution. A table summarizing the GAL's breakdown of the proposed restitution award follows:

| Type of expense | Cost |
|---|---|
| Specialized treatment for sexual-based trauma, including cognitive behavioral therapy for two years | $15,000.00 |
| Academic tutoring for three years | $9,408.00 |
| Reliable transportation[2] for A.A. and her guardian to attend tutoring and therapy appointments | $30,000.00 |
| Future inpatient treatment for drug-related issues | $25,000 |
| Future supportive psychotherapy appointments | $25,000 |

Atkinson filed an objection to the GAL's report on May 6, 2022. In contesting the GAL's restitution calculation, Atkinson raises two arguments. First, he challenges the GAL's conclusion in paragraph 29 of the report that Atkinson must pay $30,000 to enable the victim's mother to buy a new car. Docket No. 47 at 1-2. Second, Atkinson argues that the GAL's report indicates that the victim "suffers in part from poor parental stewardship and apparently poor supervision throughout her life." *Id.* at 2. Due to this, Atkinson submits "that the parents should bear one-half of the burden of the recommendation of the GAL for [A.A.]'s treatment." *Id.*

The Court held a status conference on July 20, 2022. Counsel for the Government and Ms. Marshall provided updates on A.A.'s condition. Specifically, they stated that in June 2022, A.A. gave birth to a baby. Subsequently, the Youth Court of Rankin County, Mississippi, adjudicated A.A. to be a neglected child under Mississippi Code Section 43-21-105(1). Family reunification efforts remain ongoing. As of this judgment, however, an individual appointed by the Rankin County Youth Court holds legal custody over A.A.

The following Friday, July 29, 2022, the Court sentenced Atkinson to a period of 30 years imprisonment to run consecutive to his state sentence for count 1; terms of 30-years imprisonment

---

[2] In September 2021, A.A.'s mother was involved in a car accident. A.A.'s mother subsequently underwent brain surgery in January 2022. Due to these circumstances, Ms. Marshall's report emphasizes that A.A. and her mother require reliable access to transportation.

4

to run concurrent to count 1 for counts 2 and 3; and a life term of supervised release for each count. As to restitution, the Court ordered Atkinson to pay $104,408.00, with a lump sum in the amount of $63,127.55 payable immediately. This Order explains the restitution award.

## II. Legal Standard

The Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 2259, requires an award of restitution to child pornography victims. Section 2259(b)(4) states that "[t]he issuance of a restitution order under this section is mandatory" and "[a] court may not decline to issue an order under this section because of (i) the economic circumstances of the defendant; or (ii) the fact that a victim has, or is entitled to, receive compensation for his or her injuries from the proceeds of insurance or any other source." *Id.* § 2259(b)(4)(B). Subsection (b)(1) provides in part that "the order of restitution under this section shall direct the defendant to pay the victim (through the appropriate court mechanism) the full amount of the victim's losses." *Id.* § 2259(b)(1). Subsection (c)(2) clarifies that:

> the term 'full amount of the victim's losses' includes any costs incurred, or that are reasonably projected to be incurred by the victim, as a proximate result of the offenses involving the victim, and in the case of trafficking in child pornography offenses, as a proximate result of all trafficking in child pornography offenses involving the same victim, including (A) medical services relating to physical, psychiatric, or psychological care; (B) physical and occupational therapy or rehabilitation; (C) necessary transportation, temporary housing, and child care expenses; (D) lost income; (E) reasonable attorneys' fees, as well as other costs incurred; and (F) any other relevant losses incurred by the victim.

*Id.* § 2259(c)(2).; *see also United States v. Villalobos*, 879 F.3d 169, 171 (5th Cir. 2018).

When determining the appropriate amount of restitution "the district court is directed to engage in an expedient and reasonable determination of appropriate restitution by resolving uncertainties with a view toward achieving fairness to the victim." *United States v. Jones*, 747 F. App'x 348, 360 (6th Cir. 2018) (citation omitted).

5

**III.     Discussion**

Restitution is mandatory in this case under the MVRA. *See* 18 U.S.C. 2259(a) (commanding that "the court *shall* order restitution for any offense under this chapter"). Read in concert with Section 2259(b)(4), this section reflects "Congress' clear intent that victims of child pornography be compensated by the perpetrators who contributed to their anguish." *Paroline v. United States*, 572 U.S. 434, 457 (2014). The Supreme Court has clarified that the amount of restitution should be "the amount of the victim's general losses that were the 'proximate result of the offense' for purposes of § 2259." *Id.* at 460.

Atkinson's offenses satisfy the requirements of proximate causation. For one, Atkinson's abuse is the but-for causation of A.A.'s trauma. The psychological evaluations of A.A. revealed that the child suffered no sexual abuse prior to Atkinson's violations. Unlike *Paroline*, where the defendant "was just one of thousands of anonymous possessors," here Atkinson is the sole alleged producer and possessor of A.A.'s pornography. 572 U.S. at 450. A.A.'s suffering also represents a foreseeable consequence of Atkinson's abuse. The Supreme Court has recognized that when an adult subjects a child to sexual abuse, the "abuser t[akes] away her childhood, her self-conception of her innocence, and her freedom from the kind of nightmare and memories that most others will never know." *Id.* at 441. Restitution is thus appropriate.

Next, the Court determines the appropriate amount of restitution. "The primary goal of restitution is remedial or compensatory." *Id.* at 456. "Though it need not be exact, a district court's '[r]estitution order[] should represent an application of law, not a decisionmaker's caprice.'" *Villalobos*, 879 F.3d at 172 (quoting *Paroline*, 572 U.S. at 462). The Fifth Circuit has also recognized that Congress intended to adopt a "more expansive form of restitution" in the child

6

pornography context through its wording of 18 U.S.C. § 2259(c)(2). *United States v. Koutsostamatis*, 956 F.3d 301, 309 (5th Cir. 2020).

As applied to this case, Section 2259's subparts provide statutory grounds for ordering the restitution amount outlined by Ms. Marshall.

Start with the uncontested restitution elements. Restitution to pay for A.A.'s current therapy falls squarely within Section 2259(c)(2)(A)'s terms. And the catch-all provision of Section 2259(c)(2)(F) justifies payment for A.A.'s tutoring, as her inability to focus on schoolwork stems from Atkinson's exploitation.

Onto the contested components. Atkinson challenges the GAL's restitution calculation as to A.A.'s medical, mental health, and transportation expenses. He first argues that A.A.'s mental health issues stem, in part, from her mother's parenting. On this basis, Atkinson contends that "the parents of this child should bear some responsibility for the emotional, psychological, and medical issues caused by their own neglect." Docket No. 47 at 2. Atkinson then proposes "that the parents should bear one-half of the burden of the recommendation of the GAL" for A.A.'s medical and mental health treatment. *Id.*

Atkinson's arguments on these points are unconvincing. This case centers on Atkinson's criminal misconduct, to which he pled guilty. Attempting to shift the blame to A.A.'s parents, who also suffered as a result of Atkinson's violation of their child, is therefore inappropriate. Atkinson is responsible for his actions. He and he alone must bear the costs proximately caused by his violations of A.A. This includes the costs of A.A.'s mental health and medical needs. The statute authorizes such a finding. With respect to A.A.'s anticipated future mental health and substance use treatment, Sections 2259(c)(2)(A) and (B) cover such needs. Indeed, awarding restitution to cover anticipated future medical and mental health treatment is also consistent with Fifth Circuit

caselaw. *See United States v. Serrata*, 679 F. App'x 337, 340 (5th Cir. 2017) (affirming the award of restitution "for future psychiatric or psychological treatment" in a case involving the sexual abuse of a minor). Ms. Marshall's report substantiates the finding. Therefore, restitution to account for these costs is warranted.

Finally, Atkinson argues that the GAL's submission of transportation costs is unreasonable. *Id.* at 2. Atkinson's contention is not well-taken. Ordering restitution to include reasonable transportation costs falls within the ambit of Section 2259(c)(2)(C). Ms. Marshall's report supports her calculation of transportation costs. Restitution in the full amount requested by Ms. Marshall is therefore warranted.

The GAL's breakdown of the restitution owed to A.A. mirrors the categories of the MVRA. *See* 18 U.S.C. § 2259(c)(2). The preceding analysis considers each category as well; however, the Court does not intend to impair the discretion of A.A.'s guardian to spend the money as he or she deems fit, but A.A.'s guardian must use the restitution funds to serve A.A.'s best interests. This is a familiar legal standard. *See, e.g., Albright v. Albright*, 437 So. 2d 1003, 1005 (Miss. 1983) (emphasizing that "the polestar consideration in child custody cases the best interest and welfare of the child"); *Golan v. Saada*, 142 S. Ct. 1880, 1895 (2022) (discussing the best interests of the child standard in the context of international child custody disputes). Such spending will likely not adhere precisely to the GAL's estimation. That is justified. The goal of restitution is to aid A.A.'s healing. A.A.'s needs may not conform exactly to the costs laid out above. Rather, the individual named as fiduciary over the restitution funds will retain the flexibility to spend the money in the manner most appropriate to facilitate A.A.'s recovery, welfare, and best interests. The State Court must therefore determine who can manage these funds to further the minor's best interest. *See* Miss. Code Ann. § 93-20-401 (1) (2020).

## IV.     Conclusion

Atkinson is ordered to pay $104,408.00 in restitution to A.A.[3] Consistent with this Court's ruling at sentencing, $63,127.55 is payable immediately to the Clerk of this Court, who shall hold such funds until the appointment of a Conservator of the minor under Miss. Code Ann. § 93-20-401 by the Rankin County Chancery Court.[4] The GAL is requested and authorized to file the petition in Rankin County Chancery Court, and if she wishes, she can seek to be appointed the conservator. Upon the Conservator's appointment by the Chancery Court, the GAL shall promptly notify this Court to initiate the transmittal of the restitution funds. After the initial transfer of funds from this Court to the Rankin County Chancery Court, Ms. Marshall, who is commended for her exemplary service to this Court, will be discharged from her duties to this Court.

**SO ORDERED**, this the 3rd day of August, 2022.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[3] Atkinson filed a motion for release of funds on May 6, 2022. Docket No. 48. In it, he requested that the Court remit $200 of his seized assets a month so that he can purchase toiletries while incarcerated. The state of Mississippi will not provide Atkinson with basic hygienic items, such as toothpaste or clothing, while he is in its custody. The Court therefore granted the motion orally during the sentencing on July 29, 2022 to enable Atkinson to meet his basic needs.

[4] By citing to § 93-20-401, this Court is not attempting to limit the State Court's authority. If the State Court finds that other means are more appropriate to protect the welfare and best interests of A.A., it should use those tools to achieve the purpose of this Restitution Order.